UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NAGEE JOHNSON

       PLAINTIFFS

                                               **COMPLAINT**

                                               16CV7406

    - Against -

THE CITY OF NEW YORK, Police Officer         **JURY TRIAL DEMANDED**
JEFFREY LEHN, Shield No. 2286; Police Officer
HANK RIZZO, Shield No. 5599, and JOHN DOE
1 through 10, individually and in their official
capacities, the true names of JOHN DOE being
presently unknown.

       DEFENDANTS

------------------------------------------------------------X

      Plaintiff NAGEE JOHNSON by his attorney, BRIAN HUTCHINSON, ESQ., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.
3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.
4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is a resident of the State of New York.

7. Defendant City of New York is a municipal corporation organized under the law of the State of New York.  It operates the New York City Police Department, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times hereinafter mentioned, the individually named defendants Police Officer Jeffrey Lehn ("P.O. Lehn"), Shield No. 5599, Police Officer Hank Rizzo ("P.O. Rizzo") and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of the NYPD, and were acting under the supervision of said department and according to their official duties.  P.O.s Lehn and Rizzo, as well as JOHN DOE's 1-10 are sued in their individual and official capacities.

9. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## STATEMENT OF FACTS

10. On September August 17, 2014, at approximately 1:30 a.m., plaintiff was legally attending a concert at Webster Hall, 125 East 11th Street, New York, New York.

11. Defendants, including P.O.'s Lehn and Rizzo, and other officers approached the plaintiff while he was on the dance floor.

12. Plaintiff objected to the unwarranted intrusion.

13. Defendants, including P.O.'s Lehn and Rizzo, grabbed the plaintiff, threw him against the wall, and placed him under arrest.

14. Plaintiff was taken out of Webster Hall in handcuffs.

15. The defendants searched the plaintiff.

16. Plaintiff was then placed into a waiting NYPD marked Police Van.

17. Plaintiff was wearing a t-shirt, backpack, and mask all with teenage mutant ninja turtle insignia.
18. Moments later, defendants placed another individual inside the NYPD Van that the plaintiff was handcuffed inside of.
19. That unknown individual was also wearing a t-shirt, backpack and mask all of which contained teenage mutant ninja turtle insignia.
20. Plaintiff was taken to the 9th Precinct and charged with Criminal Possession of a Controlled Substance in the Third Degree, Fifth Degree and Seventh Degree as well as Criminal Sale of a Controlled Substance in the Third Degree.
21. Plaintiff was then taken to Manhattan Central Booking to await arraignment.
22. While plaintiff was in Central Booking, P.O.'s Lehn and Rizzo and their fellow officer, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Possession of a Controlled Substance in the Third, Fifth and Seventh Degree and Criminal Sale of a Controlled Substance in the Third Degree.
23. Plaintiff was arraigned in Criminal Court, New York County and given a court date to return to court on.
24. On the next court date, November 24 2014 all criminal charges filed against plaintiff were dismissed.

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiff repeats and realleges each and every allegation set forth herein.
26. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.
27. All of the aforementioned acts deprived plaintiff of the rights privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and are in violation of 42 U.S.C. § 1983.
28. The aforementioned individual defendants in their capacities as police officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, Collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL STOP AND SEARCH UNDER 42 U.S.C. § 1983

31. Plaintiff repeats and realleges each and every allegation set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. §1983

34. Plaintiff repeats and realleges each and every allegation set forth herein.

35. No officer observed plaintiff commit a crime on August 17, 2014.

36. At no time on August 17, 2014 did the plaintiff commit a crime.

37. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody, caused to be falsely imprisoned, detained and confined without any probable cause.

38. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## FABRICATION OF EVIDENCE UNDER 42 U.S.C. §1983

39. Plaintiff repeats and realleges each and every allegation set forth herein.

40. The individual defendants created false evidence against each of the plaintiffs and forwarded such false evidence to the New York County District Attorney's Office.

41. In creating such false evidence, the defendants violated the plaintiff's constitutional rights to due process.

42. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

43. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION

44. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

46. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

47. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS

48. Plaintiff repeats and realleges each and every allegation set forth herein.

49. The individual defendants issued legal process to place the plaintiff under arrest.

50. The individual defendants arrested the plaintiff in order to obtain collateral objectives outside the legitimate end of legal process.

51. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### FAILURE TO INTERVENE

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

   I. Compensatory damages against all defendants, jointly and severally;

   II. Punitive damages against the individual defendants, jointly and severally;

   III. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988;  and

   IV. Such other and further relief as this Court deems just and proper.


DATED:     September 22, 2016
           New York, New York


_____/s/_____
Brian Hutchinson, Esq.
Zaltzberg & Hutchinson, LLC
305 Broadway
Suite 900
New York, NY 10007
(212) 323-7418